IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 3:14-CV-1173-N-BK |
| SAMMY SUNGBUM CHANG (aka Sung Bum Chang), | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Upon the District Judge's *Order of Referral*, Doc. 40, this cause is before the Court on Defendant's *Motion for a Stay of the Final Order*, Doc. 31, and the Government's *Motion to Enforce the Court's Judgment and to Schedule a Show Cause Hearing*, Doc. 36. Following a hearing, and for the reasons set forth below, the Court recommends that both motions be **DENIED**.

**A. Procedural History**

These proceedings stem from Defendant's alleged failure to comply with the Court's February 25, 2015, *Final Judgment*, which revoked his United States citizenship. Doc. 24. The particular provision of the judgment at issue requires Defendant to surrender to the United States Attorney General his original certificate of naturalization, any United States passport issued to him, and any other indicia of United States citizenship, including any copies thereof, in his possession or control, and to make good faith efforts to surrender any such items that he knows are in the possession of others. Doc. 24 at 2.

In May 2015, Defendant moved for a stay of the *Final Judgment*, arguing that he had appealed and his case was likely to succeed. Doc. 31 at 2. Defendant states that at the time the

Court entered its *Final Judgment*, he had been living in a halfway house and was gainfully employed; however, he had been reclassified by the Bureau of Prisons ("BOP") and moved to the federal corrections institute in Seagoville due to Immigrations and Customs Enforcement ("ICE") sending a detainer notice to the BOP. Doc. 31 at 2-3. Defendant requests that the Court stay its *Final Judgment*, which he apparently believes will allow him to return to the halfway house. Doc. 31 at 3. The Government opposes the motion, arguing that Defendant has not demonstrated a likelihood of success on the merits on appeal because he pled guilty to the conduct underlying the revocation of his citizenship. Doc. 33 at 2-5.

Additionally, the Government filed its own motion seeking to enforce the *Final Judgment*. Doc. 36. The Government notes that Defendant has not surrendered his certificate of naturalization and other indicia of citizenship to the Attorney General. Doc. 36 at 1-2. Accordingly, the Government asked the Court to convene a show cause hearing so that it could question Defendant regarding the whereabouts of the documents. Doc. 36 at 3. Defendant responds that he lost custody of the documents in question when he was taken into custody without warning at the halfway house and had to leave all of his belongings behind, which were subsequently collected by some of his family members. Doc. 37 at 3-5.

**B. Hearing on the Motion**

The Court granted the Government's request for a show cause hearing. The hearing was held on October 29, 2015, and Defendant, his mother and his brother testified. Doc. 45. The sum of such testimony was that neither Defendant nor his family members know where the documents are. However, upon inquiry by the Court near the end of the hearing, Defendant's mother confirmed that the two bags containing Defendant's belongings were still in her possession and in substantially the same condition as when she picked them up from the halfway

house following his arrest. At that point, the Government concluded with a request that the Court reiterate that Defendant had a continuing duty to provide the documents going forward or to attest that the documents were not in his possession or control if that was the case.

The undersigned then ordered Defendant's mother and brother to produce to the Government at the United States Attorneys Office no later than November 3, 2015, Defendant's bags that were retrieved from the halfway house, together with all of the contents that had been in the bags at the time they were retrieved. The undersigned warned them that their failure to comply with the Court's order could subject them to being held in contempt of court. Additionally, the undersigned reminded Defendant of his continuing obligation and responsibility to comply with the Court's order to produce the documents.

## C. Analysis

Defendant's Motion for a Stay of the Final Order, Doc. 31, is meritless and should be denied. First, although Defendant requests that the Court stay enforcement of its judgment, it became clear during the hearing that what he actually seeks is release from ICE custody pending the outcome of his direct appeal of the *Final Judgment* in this case. However, Defendant's custody status is not the result of this Court's enforcement of its judgment. The *Final Judgment* concerns only Defendant's citizenship status, and contains no order relating to Defendant's custody status. Thus, there is nothing to stay. Although the ICE proceedings result, at least in part, from Defendant's status as an alien now that his citizenship has been revoked, as the Court explained on the record at the hearing, the ICE proceedings are wholly distinct from this case. Further, the Court is aware of no authority giving it the power to interfere with the ICE proceedings or to order Defendant's release from ICE custody under the circumstances presented here, and Defendant has offered none.

Notably, Defendant offered no evidence or argument at the hearing to establish the likelihood of his success on appeal of the judgment in this case. Instead, Defendant's evidence and argument centered on the appropriateness of his release on bond or return to the hallway house while his appeal of the judgment in this case is pending based on his personal characteristics and the fact that he was not previously ordered detained in his federal criminal case – an issue not properly before this Court. Moreover, because Defendant had discharged his federal criminal sentence, it was within ICE's discretion to take him into custody pending his deportation proceedings.

With regard to the Government's *Motion to Enforce the Court's Judgment and to Schedule a Show Cause Hearing*, the Court has granted all relief that is appropriate given the witnesses' testimony that they do not know where the documents at issue are. The government did not offer any evidence to the contrary. Moreover, the evidence did not establish any knowing concealment of the relevant documents on the part of Defendant or his relatives. Finally, Government counsel also clarified that it was not so much seeking an order of contempt, as to obtain the citizenship documents as required by the *Final Judgment*.

**D. Conclusion**

For the reasons outlined above, the Court should **DENY** Defendant's *Motion for a Stay of the Final Order*, Doc. 31, and **DENY** the *Government's Motion to Enforce the Court's Judgment and to Schedule a Show Cause Hearing*, Doc. 36, to the extent not already granted, since no further relief is appropriate.

**SO RECOMMENDED** on November 6, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE